

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ERICK BRADLEY,
EBONI PRUDEN BRADLEY, and
SHAHEEM PRUDEN,

    Plaintiffs, and

JANE DOE I and
JANE DOE II, both minor children,
by Bowles' mother and Hilton's legal guardian and next friend,
EBONI PRUDEN BRADLEY,

    Plaintiffs,

v.      Civil Action No. __4:15cv 17__

    Jury Trial Demanded

DEA AGENT MICHAEL S. STUPAR,
AND UNNAMED DEA AGENTS JOHN DOE 1, 2, 3 AND 4,
IN THERE INDIVIDUAL CAPACITIES,

SERVE AT:   200 Granby Street
                  Norfolk, VA 23510, and

MPO JOSEPH JANSSON
MPO OWEN ELLIOTT,
CPL. JACOB MARMET,
CPL. SCOTT GRYSZKO,
CPL. KENDALL BROWN,
CPL. ANDREW KLINE,
SGT. CURTIS CROUCH,
SGT. ANTHONY SCHECK,
SGT. MICHAEL WISNIEWSKI,
CAPT. KIMBERLY BRIGHTON and
MATTHEW KILGORE, HAMPTON ANIMAL CONTROL OFFICER,
ALL IN THEIR INDIVIDUAL CAPACITIES,

SERVE ALL AT:   Hampton City Police Department
                     40 Lincoln Street
                     Hampton, VA 23669,

    Defendants.

## **COMPLAINT**

1. On or about March 13, 2013, and all other times relevant hereto, the Plaintiffs were lawful citizens of the City of Hampton, State of Virginia, and resided at 315 Pennsylvania Avenue.

2. On or about March 13, 2013, and all other times relevant hereto, Defendant DEA Agent Michael S. Stupar (hereafter "Defendant Stupar") and Defendant DEA Agents, John Doe 1, 2, 3 and 4, were agents, servants and/or employees of the Defendant, United States Drug Enforcement Agency and at all times were acting within the scope of their employment. They are being sued in their individual capacity.

3. On or about March 13, 2013, and all other times relevant hereto, Defendant MPO Joseph Jansson was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

4. On or about March 13, 2013, and all other times relevant hereto, Defendant MPO Owen Elliott was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

5. On or about March 13, 2013, and all other times relevant hereto, Defendant Cpl. Jacob Marmet was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

6. On or about March 13, 2013, and all other times relevant hereto, Defendant Cpl. Scott Gryszko was an agent, servant and/or employee of the City of Hampton and at all

times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

7. On or about March 13, 2013, and all other times relevant hereto, Defendant Cpl. Kendall Brown, was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of her employment with the City of Hampton Police Department. She is being sued in his individual capacity.

8. On or about March 13, 2013, and all other times relevant hereto, Defendant Cpl. Andrew Kline was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

9. On or about March 13, 2013, and all other times relevant hereto, Defendant Sgt. Curtis Crouch was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

10. On or about March 13, 2013, and all other times relevant hereto, Defendant Sgt. Anthony Scheck was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

11. On or about March 13, 2013, and all other times relevant hereto, Defendant Sgt. Michael Wisniewski was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

12. On or about March 13, 2013, and all other times relevant hereto, Defendant Capt. Kimberly Brighton was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of her employment with the City of Hampton Police Department. She is being sued in her individual capacity.

13. On or about March 13, 2013, and all other times relevant hereto, Defendant Hampton Animal Control Officer Matthew Kilgore was an agent, servant and/or employee of the City of Hampton and at all times was acting within the scope of his employment with the City of Hampton Police Department. He is being sued in his individual capacity.

## JURISDICTION AND VENUE

14. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343. This Court has pendant and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

15. The Court has authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, and 2202. Plaintiff's action for injunctive relief is authorized by the forgoing statutes and by Rule 65 of the Federal Rules of Civil Procedure.

16. Venue is proper in this Court under 28 U.S.C. §1391 (b) (1), in that all events giving rise to the claims alleged in this Complaint arose within the City of Hampton, Virginia. Venue therefore lies in the United States District Court for the Eastern District of Virginia, Newport News Division.

17. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. The claims for relief and cause of action alleged arose under 42 U.S.C. §1983 and the Eighth and

Fourteenth Amendments to the United States Constitution, and under the statutes and laws of the Commonwealth of Virginia, rendering Defendants liable to Plaintiffs.

### COUNT I

18. At all times relevant during Plaintiffs' unlawful detention, it was the duty of the Defendants to exercise reasonable and acceptable measures to protect their Eighth Amendment rights from cruel and unusual punishment.

19. At all times relevant hereto Defendant DEA Agent Michael S. Stupar, had a ministerial duty to insure that the Application for a Search Warrant was properly filled out with the correct address of the property to be searched.

20. Notwithstanding the duties hereinabove described, the Defendants breached their duties and were negligent in their unlawful detention of Plaintiffs.

21. Among the negligent, gross negligent and other wrongful acts committed by the Defendants, they failed to protect Plaintiffs' Constitutional rights.

22. Acting under the color of state law, the Defendants were deliberately indifferent of their responsibility for the Constitutionally protected rights of the Plaintiffs while they were in their, control and custody as detainees of the United States Drug Enforcement Agency and the Police Department for the City of Hampton, Virginia. This deliberate indifference to their unlawful detention resulted in the below described trauma which were violations of the civil rights of the Plaintiffs in which the Plaintiffs were deprived of their liberty without the due process of the law as guaranteed them under the Fourteenth Amended of the United States Constitution. The Defendants' actions described herein and their deliberate indifference to the Plaintiffs rises to the level of gross negligence.

23. Gross negligence of the Defendants was in such a degree of negligence that showed indifference to the Plaintiffs and an utter disregard of prudence that amounts to a complete neglect of the safety of said Plaintiffs. This degree of negligence shocks fair-minded persons, although demonstrating something less than willful recklessness.

24. Pursuant to §1983, liability lies against the Defendants as it is affirmatively shown that the Defendants acted personally in the depravation of the Plaintiffs' rights. The Defendants violations under federal law resulted in a constitutional violation and tacitly authorized or demonstrated deliberate indifference to their unlawful conduct.

## COUNT II

Plaintiffs hereby incorporate, by reference the allegations in paragraphs numbered 1 through 24.

25. On or about March 3, 2013, Defendant Stupar filed with the United States District Court for the Eastern District of Virginia, located in the City of Norfolk, Virginia, an Application for a Search Warrant, after a lengthy and thorough investigation regarding a drug trafficking organization allegedly led by a certain individual named Christopher Devon Barrett (hereafter "Barrett"), who also resided on Pennsylvania Avenue, Hampton, Virginia. The application requests that the search warrant be issued for property twice identified as the Plaintiffs' residence located at 315 Pennsylvania Avenue, Hampton, Virginia. The search warrant was issued on or about March 11, 2013.

26. At the time Defendant Stupar submitted the aforesaid application, he also submitted an Affidavit in Support of an Application for Criminal Complaint, Arrest Warrants, and Search Warrants. Within this 64-page Affidavit, it is clearly states that "based upon information obtained through surveillance and other investigative methods"

6

Defendant Stupar knew that Barrett resided on Pennsylvania Avenue and "in fact, members of the investigative team have observed Barrett entering and/or exiting that residence as recently as March 7, 2013."

27. Barrett does not, nor has he ever, resided or even entered the Plaintiffs' residence at 315 Pennsylvania Avenue. In fact, the Plaintiffs' are in no way even vaguely acquainted with Barrett, other than to know that he lived on Pennsylvania Avenue.

28. On or about March 13, 2013, at approximately 3:00 a.m., Plaintiffs Erick Bradley and Eboni Pruden Bradley were startled from their sleep by bright spotlights shining throughout the house from outside and someone on a loud bullhorn continuously shouting "315 come out with your hands up!" Their entire home was surrounded by DEA agents as well as members of the Hampton Police Department identified herein as co-Defendants.

29. Upon making contact with the officers, Plaintiff Erick Bradley attempted to show one or more of the Defendant officers his identification in his attempt to advise the Defendant officers that they were at the wrong house. At the same time, the Plaintiff requested to see a copy of the search warrant. The Defendant officers refused to look at Bradley's identification and refused to furnish him with a copy of the search warrant. He was told to shut up. The Defendant officers then removed him and his wife, Plaintiff Eboni Pruden Bradley, from the residence, patted them down and placed them in handcuffs.

30. Prior to being placed in handcuffs and then the police car, Plaintiff Eboni Pruden Bradley tried to explain to one of the Defendant officers that her son and two other minor children were still in the house asleep. The Defendant officer she was trying to convey

this information to told her to be quiet and to put her hands behind her back. She was then placed in a police car. Her husband, Plaintiff Erick Bradley, had already been placed in a separate police car.

31. Plaintiff Shaheem Pruden, then 19 years of age and still in high school, was then awakened by the continuing bullhorn shouts as well. He arose to look out the window of his mother and stepfather's bedroom, at which time he saw many Defendant officers with their weapons drawn and aimed on the house. He then went to awaken his minor sister and minor cousin, Plaintiffs Jane Doe I, then 13 years of age, and Jane Doe II, then 14 years of age, respectively. He then exited the residence while numerous light beams from several officers' weapons were apparent on his chest. He was immediately patted down, handcuffed and placed in a separate police car.

32. Plaintiffs Jane Doe I and Jane Doe II then exited the residence, one-by-one. They were patted down, handcuffed and placed in a police car together.

33. All Plaintiffs were then held in custody in the police cars, without the comfort of heat, for approximately five hours, in various stages of undress, as they had been sleeping just prior to the siege of their home. During this time they were vigorously and harshly interrogated and their home was searched and ransacked by the Defendant officers.

34. Within approximately the first hour of Plaintiffs' unlawful detention and restraint, they were shown a photograph of Barrett and each Plaintiff continuously denied any knowledge of him.

35. At approximately 4:30 a.m. unknown Defendant officers approached Barrett's actual residence and took him into custody without apparent incident. Barrett's residence was then searched.

36. Despite gaining custody of and arresting their suspect, the Defendant officers continued to unlawfully detain and restrain the Plaintiffs of their liberty by words and acts that Plaintiffs feared to disregard, for approximately three and one-half additional hours, again while scantily clad and without the benefit and comfort of heat.

37. At no time did any of the Defendants witness any of the Plaintiffs commit any illegal activity of any type and, by their actions, the Defendants have committed an assault, battery, trespass, false and unlawful detention and restraint, and a denial of due process against each of the Plaintiffs.

38. The Defendant officers' unlawful seizure and continued detention and restraint of Plaintiffs' liberties have caused each of the Plaintiffs to suffer bodily pain, inconvenience and discomfort, loss of time, mental suffering, injury to reputation, distress and anguish, humiliation, shame, public ridicule and public disgrace. In fact, Plaintiffs, Mr. and Mrs. Bradley, have always diligently strived to protect their children from being exposed to the elements and environment of the atrocities complained of herein.

39. As a result of the aforesaid unlawful detention, Plaintiff Erick Bradley lost his job as he was under a strict probationary period with the new employer, who had purchased the business where the Plaintiff had been long employed, resulting in complete and devastating financial hardship for him and his family and which subsequently caused him to lose possession of his automobile due to his inability to make the payments on same.

40. As a result of the aforesaid unlawful detention, Plaintiff Eboni Pruden Bradley has been diagnosed with acute stress disorder with probable acute post-traumatic stress disorder. This condition has forced her to resign from her two positions of employment, resulting in complete and devastating financial hardship for her and her family.

41. The Plaintiffs have all been diagnosed and treated for varying degrees of acute stress disorders and continue to suffer the effects of the facts complained of herein.

42. The Plaintiffs have incurred expenses to be treated for the stress disorders described herein and will continue to incur said expenses.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in the sum of THREE MILLION DOLLARS ($3,000,000.00), for each Plaintiff, in compensatory damages that they suffered due to the injuries resulting from Defendants actions and gross negligence and THREE HUNDRED AND FIFTY THOUSAND ($350,000.00), for each Plaintiff, in punitive damages against each Defendant that would punish Defendants for their intentional, willful, callous, wanton, and reckless actions and indifference, plus Plaintiffs' costs in this behalf expended, including interest from the date this suit was filed.

>ERICK BRADLEY,
>EBONI PRUDEN BRADLEY,
>SHAHEEM PRUDEN; and,
>JANE DOE I and
>JANE DOE II, both minor children,
>by Bowles' mother and Hilton's legal
>guardian and next friend,
>EBONI PRUDEN BRADLEY

By: _____
                Of Counsel

Kevin P. Shea, Esq.
VSB No. 08933
34 W. Queens Way
Hampton, VA  23669
(757) 727-7767 (Telephone)
(757) 722-2484 (Facsimile)
kevinpshea@justice.com
Counsel for Plaintiffs