VIRGINIA: IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF VIRGINIA
Newport News Division

ERICK BRADLEY, et al

    Plaintiffs

v.                                      Case No.: 4:15 cv 17

DEA AGENT MICHAEL STUPAR, et al

    Defendants

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)

Defendants Jansson, Elliott, Marmet, Gryszko, Kline and Wisniewski (hereinafter collectively sometimes referred to as "defendant Hampton Police Officers" or "defendant police officers"), by counsel, have filed, pursuant to Federal Rule of Civil Procedure 12(b)(5), their Motion to Dismiss Plaintiffs' Complaint for insufficient service of process. This Brief is filed in support of that Motion. For the reasons that follow, this Court should grant this Motion, and dismiss Plaintiffs' Complaint.

**I.    BACKGROUND**

According to the Complaint, on or about March 13, 2013, at approximately 3:00 a.m., a search warrant was executed at the home of the Plaintiffs, located at 315 Pennsylvania Avenue in the City of Hampton, by members of the Drug Enforcement Administration ("DEA") and the Hampton Police Division.[1] Complaint ¶ 28. The warrant had been obtained from this Court by DEA Agent Michael S. Stuper, also a defendant in this matter, for the location of Christopher Devon Barrett ("Barrett"), a suspected drug trafficker, believed by Agent Stuper to reside at 315

---

[1] The defendant Hampton Police Officers dispute many of the facts alleged in the Complaint, but the disputed facts have no bearing on the Motion to Dismniss pursuant to Federal Rule of Civil Procedure 12 (b)(5).

1

Pennsylvania Avenue in the City of Hampton. Complaint ¶ 25-26. During the course of executing the search warrant, Barrett was located at a neighboring residence. Complaint ¶ 35.

Plaintiffs have filed the Complaint against the defendants in their individual capacities. Complaint ¶ 3-13. The Complaint contains two counts, although it is not readily evident what the claims in those counts are, nor which counts or claims apply to which defendants. The Complaint alleges that the claims for relief arose under the Eighth and Fourteenth Amendments to the United States Constitution and under the statutes and laws of the Commonwealth of Virginia. Complaint ¶ 17. Plaintiffs demand judgment against the Defendants, jointly and severally, in the amount of $3,000,000.00 for each Plaintiff in "compensatory damages that they suffered due to the injuries resulting from Defendants actions and gross negligence," and $350,000.00 for each Plaintiff, "in punitive damages against each Defendant that would punish Defendants for their intentional, willful, callous, wanton and reckless actions and indifference." Complaint pg. 10.

The Complaint was filed on March 12, 2015. On or about March 27, 2015, an unknown person left copies of summonses and complaints with an administrative assistant in the Hampton City Attorney's Office, without first obtaining or even requesting a waiver. *See* Affidavit of Lendora Dale, attached as Exhibit A to this brief, and date-stamped cover page of Complaints left at the Hampton City Attorney's Office, attached as Exhibit B to this brief, both incorporated herein. Service in this fashion is not valid service under Federal Rule of Civil Procedure 4, nor under Virginia law.

Returns of purported service were filed with this Court stating that service was effectuated by "Other" means, to-wit "Delivered/posted with the Hampton City Attorney's Office on Wednesday, March 25th, 2015." Nothing in the return suggests how the papers were

"posted," nor what is the meaning of the words "Delivered/posted" in this context. Nothing on the face of the returns indicates that the summonses and complaints were delivered personally, nor that the Hampton City Attorney's Office is the usual place of abode of any defendant, nor that there was anyone at the City Attorney's office with whom the papers were left who was an agent authorized by appointment or law to receive service of process [S*ee* Virginia Code Section 8.01- 296 and Federal Rule of Civil Procedure 4(e)(1) and (2)(A-C)]. The absence of agency relationship between defendant Hampton Police Officers is particularly evident here, where defendants are all sued solely in their individual capacities. And of course the papers were not even left at the Hampton City Attorney's Office on the date set out in the return, but rather were left there two days later.

## II.   STANDARD ON A RULE 12(B)(5) MOTION TO DISMISS

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a party to move to dismiss an action for insufficient service of process. When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4. *Wolfe v. Green,* 660 F.Supp.2d 738, 750 (S.D.W.Va. 2009).

## III.  ARGUMENT

**Sufficient service of process has not been made against any of the defendant Hampton Police Officers**

On or about March 27th, 2015, an unknown person, left copies of summonses and complaints with an administrative assistant, Lendora Dale ("Ms. Dale") in the Hampton City Attorney's Office, without first obtaining or even requesting a waiver. *See* Exhibits A and B. Ms Dale was not asked to sign for service, the person delivering the copies did not indicate that

service was being attempted, and the person did not ask for the City Attorney. *Id.* Returns of service were subsequently filed with this Court stating that service was effectuated by "Delivered/posted with The Hampton City Attorney's Office on Wednesday *March 25th*, 2015," (emphasis added), rather than March 27th, the date that they were actually delivered.[2] Moreover, the summonses were never "posted," instead they were hand-delivered to Ms. Dale.

In addition, the summonses list each officer's address for service as 40 Lincoln Street, Hampton, which is the headquarters of the Hampton Police Division. The City Attorney's Office is located in a completely separate building found at 22 Lincoln Street, Hampton.

The method utilized by the Plaintiffs is not valid service under Federal Rule of Civil Procedure 4 (e) or Virginia law because delivery of copies to the City Attorney's Office does not satisfy service requirements for defendant police officers.

All of the City of Hampton Police Officers are being sued individually and in their individual capacities. The appropriate method of service on each is service on an individual within the territorial limits of the United States under Federal Rule of Civil Procedure 4 (e). The requirements of this rule were not met by leaving copies of the summonses and complaints with Ms. Dale. The City Attorney is not authorized by appointment or law to receive service of process for individual officers of the Hampton Police Division, and Virginia law does not provide for service on a city employee by service at the city attorney's office. By contrast, *See* Virginia Code § 8.01-300(4) (providing that if a case be against an employee of a *county* board of supervisors, arising out of official actions of such employee, then, *in addition* to service on the person named defendant in the case, service must be provided on each supervisor and the county

---

[2] Neither did the City Attorney's office receive, by any other means, copies of summonses or complaints on March 25th.

attorney.)  There is no parallel code section for city employees; however, even if there was, the requirements still would not be met because service on the person was not achieved.

Federal Rule of Civil Procedure 4(e)(2)(A) and Virginia Code § 8.01-296 both prescribe that service on an individual is achieved by delivering a copy of the summons to his person. Federal Rule of Civil Procedure 4(e)(2)(B) and Virginia Code § 8.01-296 both allow a plaintiff to serve an individual by leaving a copy, but only at a place that is his "dwelling" or "usual place of abode." Substituted service of an individual at an address other than the "dwelling" or "usual place of abode," however, is insufficient. *See, e.g., Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003) ("Service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process."). While Virginia Code § 8.01-296 does not permit service of process on an individual to be made at his place of employment, in stark contrast, Virginia Code § 8.01-298 does permit a *witness or juror summons* to be served at the usual place of employment. Even assuming, notwithstanding its express language to the contrary, that Virginia Code § 8.01-298 were applicable here, the regular place of employment of defendant police officers is not at the Hampton City Attorney's office.

Plaintiffs likewise cannot show that the summonses were served with an agent authorized by appointment or by law to accept service of process for the defendant Hampton Police Officers. Counsel for these defendants knows of no law authorizing the City Attorney, or administrative assistants in her office, to receive service for these defendants, and these defendants did not authorize either as agents to accept or receive process for them. Plaintiffs bear the burden of proof on the question of agency. *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 590 (S.D.N.Y. 2006). *State Farm Mut. Auto. Ins. Co.*

*v. Weisman*, 247 Va. 199, 441 S.E.2d 16 (1994) (an agency relationship is never presumed and the party alleging it bears the burden of proving such a relationship).

The Plaintiffs failed to achieve sufficient service on defendant Hampton Police Officers based on these several deficiencies articulated above, and as such, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) is required.

                              JOSEPH JANSSON, OWEN ELLIOTT,
                              JACOB MARMET, SCOTT GRYSZKO,
                              ANDREW KLINE, and MICHAEL WISNIEWSKI

                              _____/s/_____
                              Alan B. Rashkind
                              Virginia State Bar No.12658
                              James A. Cales
                              Virginia State Bar No. 41317
                              Furniss, Davis, Rashkind and Saunders, P.C.
                              6160 Kempsville Circle, Suite 341B
                              Post Office Box 12525
                              Norfolk, Virginia 23541-0525
                              Telephone No. (757) 461-7100
                              Facsimile No. (757) 461-0083
                              E-mail: arashkind@furnissdavis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2015 I will electronically file the foregoing Brief in Support of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5)Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) with the Clerk of Court using the CM/EFC system, which will then send a notification of such filing (NEF) to the following:

Kevin Shea, Esq.,
34 West Queens Way,
Hampton, Virginia 23669
Email: kevinpshea@justice.com

Lola Rodriguez Perkins, Esquire
Senior Deputy City Attorney
City of Hampton
22 Lincoln Street
Hampton, Virginia 23669
Email: lrperkins@hampton.gov

Brandi Law, Esquire
City of Hampton
22 Lincoln Street
Hampton, Virginia 23668
Email: brandi.law@hampton.gov

                                      /s/
                              Alan B. Rashkind
                              Virginia State Bar No.12658
                              Furniss, Davis, Rashkind and Saunders, P.C.
                              6160 Kempsville Circle, Suite 341B
                              Post Office Box 12525
                              Norfolk, Virginia 23541-0525
                              Telephone No. (757) 461-7100
                              Facsimile No. (757) 461-0083
                              E-mail: arashkind@furnissdavis.com